EXHIBIT A

| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY STATE OF COLORADO**<br>1437 Bannock Street<br>Denver, CO 80202<br><br>**Plaintiff:**     EDWARD RIVERA,<br><br>v.<br><br>**Defendant:**     AMERICAN FAMILY INSURANCE COMPANY.<br><br>*Attorneys for Plaintiff:*<br>Marc R. Levy, #11372<br>Matthew W. Hall, #41101<br>Ryan E. Nichols, #47718<br>LEVY LAW, P.C.<br>9781 S. Meridian Blvd., Suite 200<br>Englewood, CO 80112<br>Telephone: (303) 796-2900<br>Facsimile: (303) 796-2081<br>E-mail: mlevy@levytrial.com<br>        mhall@levytrial.com<br>        rnichols@levytrial.com<br><br>Tonya Melnichenko, #32152<br>FRANKLIN D. AZAR & ASSOCIATES, P.C.<br>14426 East Evans Avenue<br>Aurora, CO 80014<br>Telephone: (303) 757-3300<br>Facsimile: (303) 759-5203<br>E-Mail: melnichenkot@fdazar.com | DATE FILED: March 16, 2021 3:09 PM<br>FILING ID: 7F40390EBF45F<br>CASE NUMBER: 2021CV30891<br><br><br><br>▲ COURT USE ONLY ▲<br><br>Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Edward Rivera, by and through his attorneys, Levy Law, P.C., and Franklin D. Azar & Associates, P.C., hereby submits his Complaint and Jury Demand as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Edward Rivera is a resident of El Paso County, Colorado.

2. Defendant American Family Insurance Company ("American Family") is a foreign insurance entity authorized to do business in the State of Colorado that in fact sells insurance policies in the State of Colorado.

3. Jurisdiction is proper because Defendant transacts business in the State of Colorado and committed tortious acts within the State of Colorado.

4. Venue is proper in Denver County, Colorado pursuant to C.R.C.P. 98 because Defendant, a foreign corporation, can be found and does business in Denver County.

## GENERAL ALLEGATIONS

5. On April 16, 2019, Mr. Rivera was rear-ended by Joshua Quintanilla who was driving a 2017 Nissan Titan on South Academy Boulevard near the intersection with I-25 in Fountain, Colorado.

6. The force of the collision caused Mr. Rivera's vehicle to be pushed into the rear of Judith Feagler's 2014 Nissan Altima.

7. The collision was caused by the sole negligence of Joshua Quintanilla.

8. Joshua Quintanilla was cited for following too closely by the Fountain Police Department.

9. At the time of the collision, Mr. Quintanilla was driving with insurance limits that were insufficient to compensate Plaintiff for his injuries, damages, and losses.

10. At the time of the collision, Plaintiff was insured by Defendant through an insurance policy, Policy No. 410307090167, that included $250,000 in underinsured motorist coverage.

11. Plaintiff performed all conditions precedent to coverage.

12. Plaintiff submitted medical records and bills to Defendant in support of his claim for entitlement to underinsured motorist coverage.

2

13. Plaintiff made a demand upon Joshua Quintanilla's insurance company, GEICO, for compensation for his accident-related injuries, damages and losses.

14. Plaintiff was offered a settlement by GEICO in the amount of Mr. Quintanilla's $100,000 policy limit on or about July 14, 2020.

15. On July 16, 2020 Plaintiff requested consent to settle with Mr. Quintanilla from Defendant.

16. On or about July 20, 2020 Defendant provided its written consent to settle and subrogation waiver to Plaintiff, permitting him to accept Mr. Quintanilla's $100,000 policy limits offer and to pursue underinsured motorist benefits.

17. On June 15, 2020, Plaintiff requested that Defendant fulfill its contractual obligations and pay benefits owed, and requested a response within 30 days.

18. On July 9, 2020, Defendant responded to Plaintiff's June 15, 2020 letter and in its response adjuster Shawn Jefferson on behalf of Defendant:

   a. Claimed that American Family had reviewed the medical package for Plaintiff;

   b. Represented that the available medical documentation does not support Plaintiff's certain injuries as being related to the subject collision;

   c. Explained that American Family was not considering Plaintiff's treatment received for those conditions;

   d. Explained that it was American Family's position that Plaintiff's damages do not exceed the $100,000 in available liability coverage available from GEICO;

   e. Represented that American Family would review any new information that may become available.

19. American Family failed to explain how it had reached its conclusion that Plaintiff's injuries were not related to the subject collision.

20. American Family did not disclose to Plaintiff any expert medical opinion supporting its position that Plaintiff's claimed injuries were not caused by the subject collision.

3

21. Upon information and belief, Defendant American Family did not obtain an expert medical opinion to support its position that Plaintiff's claimed injuries were not caused by the subject collision.

22. Prior to adopting its claim position that Plaintiff's claimed injuries were not caused by the subject collision, Defendant American Family had failed to conduct a fulsome claim investigation based upon all available information.

23. Defendant American Family has refused to pay underinsured motorist benefits to Plaintiff despite the fact that his injuries, damages and losses exceed the $100,000 limit of the Mr. Quintanilla's liability insurance policy.

24. At all relevant times, continuing to the present, Defendant has, without limitation:

   a. Failed to reasonably investigate Plaintiff's claim in good faith in a timely manner;

   b. Failed to reasonably evaluate Plaintiff's claim in good faith in a timely manner;

   c. Failed to reasonably consider Plaintiff's damages in such a manner as to construe ambiguities in favor of coverage, and find coverage where available;

   d. Failed to reasonably, timely and in good faith, compensate Plaintiff as required by the contract and law;

   e. Failed to reasonably provide underinsured motorist benefits for which Plaintiff paid in a timely manner.

   f. Failed to provide a reasonable explanation with respect to its claim evaluation and refusal to pay any underinsured motorist benefits.

**FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT**

25. Plaintiff incorporates the above and below paragraphs herein by reference.

26. At the time of the collision, Plaintiff was insured by a contract of insurance with Defendant American Family.

27. Specifically, at all times relevant, Plaintiff was insured by Defendant with respect to Policy No. 410307090167, with UM/UIM limits of $250,000 per person.

28.     Pursuant to Colorado law, Plaintiff's insurance contract with Defendant provides that Defendant shall pay sums that an insured person is legally entitled to recover in accordance with Colorado tort law as damages from the owner or operator of an uninsured/underinsured motor vehicle because of bodily injury sustained by the insured person.

29.     Defendant owes Plaintiff a duty to pay benefits for which Plaintiff is eligible, as Plaintiff is a first-party insured.

30.     Defendant breached its contract with Plaintiff by failing to pay the benefits for which Plaintiff is eligible.

31.     As a direct consequence of Defendant's breach of contractual duties to its insured, Plaintiff suffered injuries, damages and losses.

## SECOND CLAIM FOR RELIEF – BAD FAITH BREACH OF CONTACT – UNDERINSURED MOTORIST COVERAGE

32.     Plaintiff incorporates the above and below paragraphs herein by reference.

33.     Defendant owed Plaintiff a duty to act in good faith in all aspects of its interactions with Plaintiff, including in reviewing, investigating, evaluating, adjusting and paying his claim.

34.     Defendant has failed to pay Plaintiff any UM/UIM benefits under its policy.

35.     Defendant's conduct was unreasonable.

36.     Defendant knew its conduct, as set forth above, was unreasonable.

37.     Defendant recklessly disregarded the fact that its conduct, as set forth above, was unreasonable.

38.     Under C.R.S. § 10-3-1104(1)(h), Defendant willfully acted unreasonably in including, but not limited to, the following ways:

   a.   Refusing to pay claims without conducting a reasonable investigation based upon all available information;

   b.   Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

   c.   Failing to promptly settle claims, where liability has become reasonably clear;

   d. Compelling insureds to institute litigation to recover amounts due under an insurance policy.

   e. Failing to provide a reasonable explanation as to its claim decisions.

  39. Defendant knew its conduct was unreasonable or recklessly disregarded the fact that its conduct was unreasonable.

  40. As a consequence of Defendant's breaches of its duties to its insured, Plaintiff has suffered injuries, damages, and losses.

### THIRD CLAIM FOR RELIEF – VIOLATION OF C.R.S. § 10-3-1116(1)

  41. Plaintiff incorporates the above and below paragraphs herein by reference.

  42. Defendant has denied, and continues to deny Plaintiff's claim without a reasonable basis for its action.

  43. Defendant has delayed, and continues to delay and deny payment of Plaintiff's claim without a reasonable basis for its action.

  44. Defendant's continued denial and/or delay of payment of benefits to Plaintiff under the insurance contract is contrary to Colorado law.

  45. As set fort in C.R.S. § 10-3-1116(1) (West 2017), Plaintiff is entitled to recover reasonable attorney fees, court costs, and two times the covered benefit (in addition to the benefit itself).

  WHEREFORE, Plaintiff, Edward Rivera, prays for judgment against Defendant American Family Insurance Company in amounts to be proven at trial, together with pre- and post-judgment interest, attorney fees, costs and expenses, and such other relief as this Court deems just and proper.

### Jury Demand

**PLAINTIFF DEMANDS TRIAL TO A JURY OF SIX (6) ON ALL ISSUES**

Dated this 16th day of March, 2021.

        Respectfully submitted,

        LEVY LAW
        Professional Corporation

       *Original signature on file at the office of*
       *Levy Law, Professional Corporation*


     By: /s/ *Marc R. Levy*
       Marc R. Levy, #11372
       Matthew W. Hall, #41101
       Ryan E. Nichols, #47718
       LEVY LAW
       Professional Corporation
       One Maroon Circle
       9781 S. Meridian Blvd., #200
       Englewood, CO 80112
       Phone: (303) 796-2900
       Fax: (303) 796-2081
       mlevy@levytrial.com
       mhall@levytrial.com
       rnichols@levytrial.com

       *Attorneys for Plaintiff*

**Plaintiff's Address**
4518 Canyon Wren Lane
Colorado Springs, CO 80916